IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELDON DALE WILLIAMS, JR., | No. 2:20-CV-1747-TLN-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| K. ANCHETA, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint. See ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

On November 3, 2020, the Court issued an order addressing Plaintiff's complaint. See ECF No. 7. The Court summarized Plaintiff's allegations as follows:

> Plaintiff is a prisoner at Pelican Bay State Prison. ECF No. 1 at 2. Defendants Lieutenant K. Ancheta and Sergeant S. Gonzalez are correctional officers at California Department of Corrections and Rehabilitation's California Medical Facility ("CMF"). Id. Plaintiff claims that, while he was incarcerated at CMF, Defendants violated his rights under the Fifth and Eighth Amendments to the United States Constitution. Id. at 3.
> Plaintiff specifically alleges that, on November 20, 2019, CMF correctional officers stopped him for a random search. Id. at 5. Officers found two grams of marijuana in Plaintiff's possession and escorted him to Defendants Ancheta and Gonzalez. Id. Ancheta told Plaintiff that she was not concerned about Plaintiff's small amount of marijuana but was interested in prisoners with "real" drugs, weapons, or cell phones. Id. at 5–6. Ancheta purportedly told Plaintiff that, if Plaintiff gave Ancheta information, Ancheta would not write up Plaintiff for marijuana possession. Id. at 6.
> Defendant Gonzalez then told Plaintiff that, if Plaintiff told them which prisoners were distributing drugs, they would let Plaintiff go, but that if he not cooperate they would charge him with drug distribution, which would entail transfer to a different institution and six-months in solitary confinement. Id. Defendants gave Plaintiff 24-hours to consider giving them information. Id. Plaintiff signed a statement stating that he did not know who was distributing drugs and that he feared retaliation for declining to name prisoners involved in drug trade. Id.
> Defendants interviewed Plaintiff again 24-hours later. Id. When he failed to name other prisoners involved in drug activity, Defendants drug tested him, and Gonzalez asked if he agreed that officers had found marijuana in his possession. Id. Plaintiff agreed that he had had marijuana. Id. Gonzalez then gave Plaintiff a form and pointed to a signature line, telling Plaintiff to sign on the line if he agreed with the marijuana possession. Id. at 7. Plaintiff signed the form on the line Gonzalez identified. Id. Plaintiff alleges that Gonzalez then told Plaintiff that she had lied, and that signing on the line she had indicated meant Plaintiff disagreed with the marijuana charge, and that the case would therefore be sent to the Department of Justice, that Plaintiff would be removed from general population, and that Plaintiff would possibly be sent to solitary confinement. Id.
> Plaintiff contends that, as of July 2020, he has not received any results of a criminal investigation from the Department of Justice and that he was never sent to solitary confinement. Id. Plaintiff alleges, however, that his privileges have been revoked and that has been in

>administrative segregation at Pelican Bay State Prison since November 2019 even though all charges were dropped in March 2020 and he was cleared to return to CMF general population and to have his privileges restored. Id. Plaintiff accordingly claims that he has been subjected to cruel and unusual punishment and that his due process rights have been violated as a result of Defendants' retaliation against him for failing to name prisoners involved in drug activity. Id. Plaintiff alleges that his family relationships and marriage have been damaged due to his stay in administrative segregation and that he has suffered feelings of significant insecurity. Id. at 8.

ECF No. 7, pgs. 2-3.

The Court concluded the complaint states a cognizable due process claim against Defendants Ancheta and Gonzalez, but found the complaint did not state an Eighth Amendment claim against either defendant. See id. at 3. Specifically, the Court concluded:

>Although Plaintiff cites the Fifth Amendment Due Process Clause rather than the Due Process Clause of the applicable Fourteenth Amendment, the Court finds that Plaintiff has stated a cognizable due process claim against Defendants Ancheta and Gonzalez. He has not, however, stated an Eighth Amendment claim against either Defendant. The Court will grant Plaintiff the opportunity to amend his complaint.
>
>The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.
>
>What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. Although Plaintiff's allegations of retaliation and unjustified transfer resulting in distress and feelings of insecurity might give rise to claims for violations of other constitutional provisions, they do not presently establish actions or injuries of the type that would violate the Eighth Amendment. See, e.g., 42 U.S.C. §1997e(e). Plaintiff does not, for example, allege excessive force, deliberate indifference to a serious

3

medical condition, or subjection to unconstitutional conditions of confinement such as deprivation of food, clothing, or physical safety. Cf. Hudson, 503 U.S. at 6–7; Whitley v. Albers, 475 U.S. 312, 320–21 (1986); Toussaint, 801 F.2d at 1107.

ECF No. 7, pgs. 3-4.

Plaintiff was provided an opportunity to file a first amended complaint and cautioned that failure to do so within the time provided would result in findings and recommendations that his Eighth Amendment claims be dismissed and an order for service of his due process claims on defendants. See id. at 5. Plaintiff has not filed a first amended complaint within the time provided. The Court now recommends dismissal of Plaintiff's Eighth Amendment claims. By separate order issued herewith, the Court directs service on defendants as to the remaining due process claims.

Based on the foregoing, the undersigned recommends that Plaintiff's Eighth Amendment claims be dismissed and that this action proceed on the original complaint as to Plaintiff's due process claims only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 9, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

4